UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID WOODRUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05-CV-1084 MLM |
| ) | |
| STATE OF WYOMING, ) | |
| ) | |
| Respondent. ) | |

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of David Woodruff for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court will grant petitioner provisional leave to file this action pursuant to 28 U.S.C. § 1915(a).

### **The Petition**

Petitioner, a Wyoming state prisoner currently incarcerated at the Wyoming State Penitentiary in Rawlins, Wyoming, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging a conviction that arose in the Circuit Court of the First Judicial District in Laramie County, Wyoming.

### **Discussion**

Pursuant to 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The writ of habeas corpus acts upon the person holding the petitioner in what is alleged to be unlawful custody. Rheuark v. Wade, 608 F.2d 304, 305 (8th Cir. 1979). Therefore, jurisdiction of a petition for a writ of habeas corpus lies "either in the district of physical confinement or in the district in which a custodian against whom the petition is directed is present."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In the case at hand, neither petitioner nor respondent is located within the geographic boundaries of the Eastern District of Missouri.[1] Therefore, this Court does not have the authority to entertain the instant petition. The United States District Court for the District of Wyoming does have authority to entertain this petition.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed. Because petitioner is proceeding pro se and seeks habeas relief, the Court believes it would be in the interest of justice to transfer this case to the United States District Court for the District of Wyoming pursuant to § 1631.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #1] is **PROVISIONALLY GRANTED**. Because this case is to be transferred to the United States District Court for the District of Wyoming, such leave to proceed in forma pauperis is subject to modification by the District of Wyoming upon transfer.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to the United States District Court for the District of Wyoming pursuant to 28 U.S.C. § 1631.

An appropriate separate order of transfer shall accompany this memorandum and order.

Dated this 13th day of September, 2005

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

---

[1] The Wyoming State Penitentiary is located in the State of Wyoming, which, under 28 U.S.C. § 131, is located in the District of Wyoming.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com